IN THE SUPREME COURT OF THE STATE OF DELAWARE

LARRY MARVEL, § 
§ No. 121, 2018
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ ID. No. 0510007925 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: April 10, 2018
Decided: May 30, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 30th day of May 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Larry D. Marvel, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence and denial of his motion for reargument. The State has moved to affirm the judgment below on the ground that it is manifest in the face of Marvel's opening brief that his appeal is without merit. We agree and affirm.

(2)     On May 4, 2006, a Superior Court jury found Larry D. Marvel guilty of Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree.

The Superior Court granted the State's petition to declare Marvel a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court sentenced Marvel as follows: (i) for Criminal Solicitation in the Second Degree, as a habitual offender under § 4214(a), life imprisonment; and (ii) for Conspiracy in the Second Degree, two years of Level V incarceration. The Supreme Court affirmed Marvel's convictions on direct appeal in 2007.[1] Since then, Marvel has filed multiple motions for postconviction relief.[2]

(3) On May 16, 2017, Marvel filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). Marvel argued that his convictions and sentences for Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree violated double jeopardy principles. After the State responded to the motion and Marvel filed a reply, the Superior Court set a briefing schedule for the matter on August 11, 2017.

(4) On August 21, 2017, Marvel filed a motion for appointment of counsel. The Superior Court granted the motion. The Office of Defense Services asked the Superior Court to reconsider because there was no merit to Marvel's arguments. On September 27, 2017, Marvel filed a *pro se* opening brief in support of his motion for correction of illegal sentence.

---

[1] *Marvel v. State*, 2007 WL 2713271 (Del. Sept. 18, 2007).
[2] *See, e.g., Marvel v. State*, 2014 WL 2949362, at *1 (Del. June 26, 2014) (affirming the Superior Court's denial of Marvel's fourth motion for postconviction relief); *Marvel v. State*, 2010 WL 3636193, at *1 (Del. Sept. 20, 2010) (affirming the Superior Court's denial of Marvel's motion for correction of illegal sentence).

(5)     On October 11, 2017, the Superior Court denied Marvel's motion for correction of sentence.  The Superior Court vacated the order granting Marvel's motion for appointment of counsel.  Marvel filed a motion for reargument of the denial of his motion for sentence correction.  The Superior Court denied the motion for reargument.  This appeal followed.

(6)     We review the denial of a motion for correction of sentence for abuse of discretion.[3]  To the extent the claim involves a question of law, we review the claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]  As he did below, Marvel argues that his convictions and sentences for Criminal Solicitation and Conspiracy in the Second Degree violated double jeopardy principles.

(7)     The Superior Court did not err in denying Marvel's motions.  As the Superior Court recognized in denying Marvel's motion for correction of sentence, Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree have different elements and punish different criminal conduct.  To prove Criminal

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

Solicitation in the Second Degree, the State had to show Marvel intended for another person to commit a felony and asked that person to engage in conduct constituting the felony.[6] The State proved that Marvel asked another person to physically injure the woman who accused Marvel of rape. The crime was complete once Marvel asked the other person to act.

(8) To prove Conspiracy in the Second Degree, the State had to show that Marvel intended to promote the commission of a felony, Marvel and another person agreed to engage in conduct constituting the felony, and Marvel committed an overt act in furtherance of the conspiracy.[7] The State proved that Marvel intended to promote the commission of Assault in the First Degree, Marvel and another person agreed on physically assaulting the woman who accused Marvel of rape, and Marvel provided information and money to the other person so that person could find and assault the intended victim. Unlike Criminal Solicitation, Conspiracy requires that two or more people agree to commit a crime. Marvel's sentences for Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree did not violate double jeopardy principles.

---

[6] 11 *Del. C.* § 502.
[7] 11 *Del. C.* § 512.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice